Pfeifer, J.,
dissenting.
{¶ 52} I am unconvinced by the majority opinion’s discussion of the effect of the Ohio Constitution’s use of the term “sureties” in Article I, Section 9. I do not believe that the term grants bail bondsmen special constitutional status. See State v. Briggs, 666 N.W.2d 573, 583 (Iowa 2003) (“To conclude the sufficient sureties clause extends an unfettered right to a commercial bail bondsmen contradicts the language of our constitution as well as historical reality”); State v. Jackson, 384 S.W.3d 208, 217 (Mo.2012). Instead I consider the term to be much more general.
{¶ 53} In this case, the judges required a deposit in cash. Accordingly, defendants were accorded a sufficient surety, even though the requirement does not allow a commercial bail bondsman to be the surety. This practice is constitutional based on Article I, Section 9 of the Ohio Constitution, which states that “the court may determine at any time the type, amount, and conditions of bail.” The language could hardly be more straightforward and unambiguous. It confers discretion on the court to set the terms of bail. Nothing in this case suggests that the judges abused their discretion. The conditions set by the judges were not onerous and did not deny bail to those entitled to it. In fact, the *60 conditions set by the judges allow defendants to post bail at a much lower cost than when they use a bail bondsman.
{¶ 54} Whatever we may have said in other cases, for instance, Smith v. Leis, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, the Constitution is clear on this subject: commercial bail bondsmen do not have a constitutional right to provide surety. The Constitution also does not authorize us to read into the simple language of Article I, Section 9, requirements or rights that are not there.
{¶ 55} The writ of mandamus should be denied. I dissent.